We'll move to our fifth case this morning, which is Baek v. Clausen, case number 163838. Morning, Your Honor. William Knox on behalf of the petitioner. Good morning. If it pleases the Court, I may proceed. You may. The merits of Petitioner's RICO claim have never actually been adjudicated, and the issue of res judicata I should not apply in this instance. The May 30, 2013, order from the Cook County Circuit Court, granting leave for your petitioners to amend was not a fileable and appealable order. The case of Hernandez v. Prick, in which we cited to, contains language dealing with that issue and spoke about how being granted leave to file an amended complaint was not absolutely finally settled. The Court went on to say, thus it appeared there was no adjudication on the merits. Because there was no final adjudication, the District Court should have determined if the cases were parallel, and if properly applying the Colorado River Doctrine, they may have had time to decide Petitioner's RICO claim. Petitioner's RICO claim was filed with the District Court well before there was a final adjudication on the merits in the Cook County cases. Furthermore, the issues adjudicated by the Cook County Circuit Court did not touch on the theories which formed the basis of Plaintiff's RICO claims of racketeering and mail fraud before the District Court. Because the Plaintiff's claims in the District Court were made prior to adjudication in the Cook County Circuit Court, plaintiffs had a choice of filing in the state and or federal court. Even if the Court would assume Your theory is you get to split your various claims between all the different cases? My theory is that it's a totally different claim, and considering that the other ones hadn't been resolved in the Circuit Court, we had a right to come in and file a separate claim. Why is the RICO claim not a compulsory counterclaim in the foreclosure case? Because the foreclosure case, that would require a bifurcation of the proceedings in Chancery Court. As typical in Cook County, the law claims would get assigned out, so I believe what they felt was better off at that time was just to file within the law division, or as we did in the federal court. Could you address the defendant's reliance and the District Judge's reliance on Whitaker and Henry, where we dealt with these kinds of counterclaims involving debt collection? Could you? No, I did not. Could you? Not at this time. I stand on my brief regarding that issue and regarding my argument. There was an ultimate adjudication on the merits after leave to replead was granted. There was a time limit imposed on that, as I understand the record, and that lapsed, and then subsequently final judgments were entered? That's correct, but the final judgments were entered at a time after a plaintiff, the petitioner, filed his RICO claim in this case. Just because that time deadline was not met due to plaintiff's counsel having cancer at that time was not a final order. That was just a deadline. The order didn't specify any consequences if the deadline wasn't met. It was just a deadline, 28 days. Well, right, then it ripens into a final judgment if the deadline elapses with no action by the plaintiff. Well, I think that would have had to have been, I'm sorry? And that's just the legal effect. If you don't meet the deadline, the judgment is final and preclusion kicks in. Again, the court's order denying the motion to reconsider because of the circumstances, I think, operates as the final order, the final judgment in that situation. Missing a 28-day deadline is a that is not a final order, in my opinion. Counsel, I gather there were some bankruptcies filed here? As I recall, yes. Who filed bankruptcy? The individual plaintiffs? Perhaps the defense counsel would know a bit more about that. He was in the litigation. Did your clients file for bankruptcy? Either Mr. and Mrs. Bake and the LLC? I don't believe Mr. Bake has filed yet. I know he was intending on filing. I believe he's held off at this point. I don't have a current status on it. What about the LLC? I do believe it's no. The LLC, I don't think so. No. So you don't know anything about bankruptcy filings and whether these RICO claims were identified as assets? I don't think any bankruptcy claims have been filed to my knowledge, no. Okay. And I defer to counsel if he holds anything additional, but I have not received anything. Yes. While the judge, Judge Durkan, in the district court, his decision was based on res judicata as opposed to abstention, we have to consider what the case in Juan v. Johnson-Bell, the 2011 case, which I cited too in the brief, which confirmed that res judicata does not attach until the dismissal of the first suit is upheld on appeal. Secondly, the Hoon court confirmed that the pendency of the action is no bar to proceeding concerning the same matter in federal court. Finally, it was proper for the Hoon court to apply the Colorado doctrine instead of dismissing the case outright. What we believe should have happened, respectfully, is the district court should have stayed the case. And to put it lightly, what we believe the court was doing, respectfully, was guessing that a finding in favor of respondent was inevitable. Again, we believe that the court should have decided if the cases were parallel and not sat there and let that time pass. Again, the case very well might have been able to have been adjudicated. Why isn't that issue moot at this point, given the final judgment in the state courts? Because we believe that the court could have taken it up within that time. Maybe. But now there's a final judgment in the state courts, right? That's correct. But at the time that that judgment was entered, we already had our case on file. Secondly, the allegations in our RICO claim did not. Well, when a case is stayed for Colorado River abstention, it doesn't immunize it from race judicata consequences in the parallel litigation. That's correct. But again, that matter had never been resolved in Cook County. It's a separate matter. That's as much as I can argue on that. In conclusion, I'd ask that your honors remand the case to the district court with instructions for the court to adjudicate. Thank you. Thank you. Mr. Ross. Good afternoon, your honors may it please the court and counsel. There's a really basic tenant of race judicata law. That the appellants want this court to overlook. It's that tenant, which says that you cannot only relitigate matters that have already been litigated. You can't raise matters that invalidate or affect the underlying judgment. That's black letter horn book law. It's recited in case after case. It forms the basis of the Whittaker decision, Amari and all of the other cases that we've cited to this court, which compelled, if they wanted to bring the Rico claim, they had to do it as a counter claim or defense in the foreclosure case, which proceeded to a judgment adverse to them in 2012. And they had to bring that as a counter claim or defense in the guarantee action. That was not done. What they did was they attempted to raise those claims before the court. The court said, you may replete your Rico claim within 28 days for reasons that really don't appear in the record. And there's been an assertion that it was because prior counsel was ill with cancer, but for reasons that really don't appear in the record, and I don't know that it really matters what those are, they didn't do it. They waited for a period of years. There were several intervening bankruptcies. This isn't in the record, but since the court asked the question, never once was a Rico claim scheduled. There were two Chapter 11 bankruptcies filed by Clark and Leland. The first was filed during the pendency, and this is in the record. The first was filed during the pendency of the foreclosure action. Clark and Leland retained Arnstein in there. We went to a contested two- or three-day hearing before Judge Weedoff on the plan. The plan was denied. A second bankruptcy was filed. That was also dismissed by Clark and Leland. Three subsequent personal bankruptcies were filed by Mr. Bach, and I believe Mrs. Lee filed one bankruptcy as well. Never was it scheduled as an asset. Were discharges granted in any of those? No. So is there a problem with whether these plaintiffs are the real parties in interest? No. Okay. Thanks. So the point remains that what happened was they didn't refile the Rico claims, and they waited and waited and waited until after the state court had made its decisions, then attempted to obtain leave to refile those complaints, the Rico complaint, or to file another amended complaint. And using the Loyola Academy factors, Judge Taylor, the circuit court judge, said this is untimely. There's no excuse for this. This is not in accordance with the court's orders. The excuses you're offering me are not good. Then here we are. It's sort of unfathomable to me that after the first district appellate court's decision is issued, saying that the judgment of foreclosures raised you to cut on all of this, which, as the court's aware, was my argument really from day one that Judge Durkan never bought on. And if he were here and I could ask him a question, I would say why didn't you just buy that argument? But he didn't, and maybe it was because he was concerned about various things. He could have been concerned about stepping on the first district's toes. Maybe he didn't believe in the merits of that claim. Maybe he thought it was too weird that a judgment in a foreclosure case against an entity could be binding against the guarantors. We don't really know. But we don't have to guess and second-guess that, because the first district said in its appellate at paragraph 46, I believe, the party's respective obligations, and here the court's referring to the obligations of the guarantors and the box and the borrower, Clark and Leland, the respective obligations under the Loaning Agreement expressed or implied, and whether they breached those obligations could have been raised in the foreclosure proceeding or formed the operative facts in that proceeding or both. Any claims based on those facts are barred by race judicata. This is the law of this case. Mr. Ross, were the guarantors named as defendants in the foreclosure action? No. And that, in many respects, is perhaps the novelty of this decision. There wasn't a lot of precedent, and candor to the court, there wasn't a lot of precedent before this. When this decision came down, I really thought it was important that this case be published, because this is important guidance in other cases. I filed a motion to publish, and it was denied. But that, nevertheless, is the law of this case. Rule 23 says it's still binding precedent. Illinois Supreme Court Rule 23, it's still binding precedent as between these parties, and this court is really powerless to change that. It's also powerless to change the huge body of black-letter law that says you can't attempt to do indirectly, after a judgment is cast, what you should have done directly to invalidate that judgment. All of the decisions that have been cited by the appellants in support of reversal, these were all raised in the court below, all rejected by Judge Durkan. There's really nothing in the argument here that should persuade this court to carve an exception to these rules. The cases, and specifically the Hernandez case, which counsel was referring to, that granted someone permission, or that found that res judicata did not attach because an amended complaint was authorized to be filed, doesn't apply, because the time limits here were not honored in that order. And secondarily, there were subsequent orders that expressly rejected the right to file the pleading. This case is squarely within, even if you want to say that there's some carve-out that could be made from the general body of res judicata law, this case is squarely within the Brainerd decision, which I've cited in the brief, which says that the court's determination to deny leave to file an amended completing is an adjudication on merits. That's what happened here. It wasn't a simple case of someone being granted leave and then later filing it. It was not later filed, and when it was attempted to be filed late, the amendment was refused. That is an adjudication on the merits. And that's independent of the judgments of foreclosure, the judgments on the guarantees. That is another reason to find that res judicata attaches, because the very RICO claim that is at issue in this case was proposed as count 10 of an amended pleading which was denied. So for those reasons, we believe that the judgment of the district court should be affirmed. All right, thank you. Mr. Knox, anything further? All right, thank you. The case is taken under advisement.